IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN DAVID CORMIER                                                                                      PLAINTIFF

        v.                           Civil No. 07-5190

WILLIAM A. STOREY, Circuit
Judge, Washington County, Arkansas;
BROCK SHOWALTER, Attorney;
BILLY J. ALLRED, Prosecuting
Attorney, Madison County, Arkansas                                                           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

John David Cormier, currently an inmate in the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the court for a determination of whether service of process should issue.

**Background**

According to the allegations of the complaint, Cormier was not informed of his Miranda rights when arrested. He alleges no warrant for his arrest was produced until approximately two months later. He maintains excessive force was used against him by the police officer and once incarcerated he did not receive proper medical attention.

After arraignment, Brock Showalter was appointed to represent him. Cormier alleges Showalter didn't "show up" for a period of time and when he finally did he had an offer from the prosecutor Billy Allred. When Cormier asked Showalter for "a DNA and physical on both girls," Showalter responded he would need to talk to Allred. Cormier alleges he asked Showalter if he wasn't supposed to talk to the Judge about that. In response, Cormier alleges Showalter just got up and left.

-1-

The next night, Cormier states he was told by Captain Robert Boyd of the Madison County Sheriff's Department that the Chief of Police had fumbled the investigation by not doing "DNA and physicals." Cormier maintains Showalter then said Allred would not allow Cormier access to his files.

On January 9, 2007, Cormier was sentenced. According to Cormier, Showalter told him that Allred wanted a plea of guilty on both counts for "thirty years suspended with ten on each." If Cormier forced Allred to trial, Showalter indicated Allred said he would see that Cormier got life on both counts if found guilty. Cormier believed the deal was for a Class B felony. However, when he got to the ADC, Cormier states he discovered it was a Class A felony instead.

Cormier names as defendants William A. Storey, the Circuit Judge, assigned to his criminal case, Brock Showalter, the attorney appointed to represent him, and Billy J. Allred, the prosecuting attorney assigned to the case. As relief, Cormier asks for ten million dollars in damages and possible release.

### Discussion

Cormier's claims are subject to dismissal. First, Judge Storey is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

AO72A
(Rev. 8/82)

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Cormier does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that

a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Cormier seeks injunctive relief his claims are subject to dismissal.

Second, private attorneys are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."). Showalter was not acting under color of state law while representing Cormier in his criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Third, prosecuting attorney Billy Allred is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

AO72A
(Rev. 8/82)

To the extent Cormier's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Cormier can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

### Conclusion

I therefore recommend that Cormier's claims be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). This dismissal will constitute a strike under the Prison Litigation Reform Act.

**Cormier has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Cormier is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of December 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)